IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE PEARL PEARSON,         }
                              }
     Plaintiff,               }
                              }        CIVIL ACTION NO.
v.                            }        05-AR-414-S
                              }
KEYSTONE AUTOMOTIVE, INC., et }
al.,                          }
                              }
     Defendants.              }

**MEMORANDUM OPINION AND ORDER**

The court has for consideration the motions of defendants, Bank of America, N.A. ("BOA") and Keystone Automotive, Inc. ("Keystone"), filed on March 21, 2005, and April 8, 2005, respectively, to compel arbitration and stay further proceedings pursuant to the Federal Arbitration Act. For the reasons that follow, the court determines that the motions are due to be granted.

*Pertinent Facts*

Plaintiff, Willie Pearl Pearson ("Pearson"), alleges violations of federal statutory and state common law arising out of the purchase and financing of an automobile. Pearson claims that Keystone, the dealer from which she acquired the vehicle, misrepresented the vehicle's mileage and the purchase price she was being charged. Pearson further alleges that BOA, the assignee of the installment sales contract by which the transaction was ostensibly financed, harassed her in its efforts to secure payment. The complaint includes counts for violation of the Truth in Lending

Act (Count One) and the Federal Odometer Act (Count Two); invasion of privacy (Count Three); reckless, willful, and wanton supervision, training, and monitoring (Count Four); intentional infliction of emotional distress (Count Five); and fraud (Count Six).

The retail installment contract and buyers order Pearson signed in connection with the purchase both contain broad arbitration clauses, by which Pearson concedes an effect on interstate commerce. The day after purchasing the vehicle, Pearson says that she discovered the alleged odometer and price discrepancies between the sale documents and the representations made to her by Keystone, and she immediately returned the vehicle to the dealership and left it there as a clear and unequivocal means for revoking her acceptance of the car and to get her downpayment back. At that time, Keystone told her it would not accept the vehicle or refund her money. Pearson left the vehicle and keys at the dealership anyway. Keystone responded by having the vehicle towed back to Pearson's residence, and it is now locked in storage. Pearson informed BOA that she had attempted to return the vehicle and was not obligated to make payments for it, but BOA continued to contact her in an effort to obtain payment on the installment contract.

*Analysis*

The sole issue is whether Pearson effectively rescinded her entire agreement with Keystone when she returned the vehicle to the

dealership so as to make the arbitration provisions of no effect. If she did not accomplish this legal result, then the admittedly strong federal policy favoring arbitration pursuant to the Federal Arbitration Act requires that the court grant defendants' motions. *See* 9 U.S.C. § 2; *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401, 87 S.Ct. 1801, 1804 (1967).  There can be no dispute about the fact that the arbitration provisions signed by Pearson as part of her contracts require arbitration of the claims she advances in this lawsuit, if a contract exists.  Pearson's sole contention is that the entire contract, including its arbitration provisions, was rescinded and ceased to exist as an enforceable instrument when she returned the vehicle, so that the claims in this lawsuit are not subject to the arbitration provisions because the entire contract is a nullity.

Pearson correctly states the effect of a rescission under Alabama law:

> Generally speaking, the effect of rescission is to extinguish the contract.  The contract is annihilated so effectually that **in contemplation of law it has never had any existence**, even for the purpose of being broken.  Accordingly, it has been said that a lawful rescission puts an end to it for all purposes, not only to preclude the recovery of the contract price, but also to prevent the recovery of damages for breach of the contract.

*Celtic Life Ins. Co. v. Lindsey*, 765 So.2d 640, 642 (Ala. 2000)(quoting *Ala. Great So. R.R. v. Independent Oil Co.*, 160 So. 720, 722 (Ala. 1935)).

The problem with her theory in this regard is that her return of the vehicle did not effect a rescission as described in *Lindsey*,

but merely a revocation of her acceptance of the vehicle.  Pearson relies on Alabama Code § 7-2-608 for the proposition that when she returned the vehicle to Keystone, the contract and its accompanying arbitration agreements were eliminated *ab initio*.[1]  Her reliance is misplaced.  Section 7-2-608 does not state or imply that a purchaser's attempt to exercise her right of **revocation** accomplishes a complete **rescission** of the contract, including its express agreement to submit to arbitration "any dispute" related to "the conformity of the motor vehicle sold to the contract, the representations, promises, undertakings or covenants made by Seller."  Pearson has failed to provide any further support for her argument that the contract was annihilated, and the question of whether rescission is an appropriate remedy may therefore properly be decided in the arbitration proceeding.  Likewise, any other questions that arise concerning the validity of the contract,

---

[1]  Section 7-2-608 provides:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it:

(a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

(b) Without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Ala.Code 1975 § 7-2-608.

including whether she was fraudulently induced to enter it, are themselves arbitrable. *See Coleman v. Prudential Bache Securities, Inc.* 802 F.2d 1350, 1352 (11th Cir. 1986). In other words, all of Pearson's claims, including her claim that she did not buy the vehicle, are arbitrable.

Defendants' motions, construed as this court invariably construes such motions, as motions to dismiss without prejudice to the right to arbitrate are GRANTED. Accordingly, the above-entitled action of Pearson is DISMISSED without prejudice to her right to invoke the arbitration procedures provided by the contract between plaintiff and defendants and with the limitation upon defendants that a defense of untimeliness may not be interposed during arbitration unless **within thirty (30) days** plaintiff fails or refuses to cooperate in the arbitration procedure.

The court takes judicial notice of the fact that the two potentially applicable arbitration provisions are not identical or necessarily coextensive. Pearson is GRANTED the right to elect which arbitration provision she will proceed under, if she does so **within ten (10) days**.

The motion to strike the affidavit of Diane Smith, filed by Pearson, is DENIED.

The parties shall bear their own respective costs in this court. The case can be reopened only for the purpose of enforcing an arbitration award.

DONE this 3rd day of May, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE